Richard A. Weiss, Director Arkansas Department of Finance Administration
1509 West Seventh Street, Suite 401 Post Office Box 3278 Little Rock, Arkansas 72203-3278
Dear Mr. Weiss:
I am writing in response to your request for an opinion about a certain exemption from the Arkansas Freedom of Information Act (FOIA). You report that someone has used the FOIA to request that the Department of Finance and Administration's Office of Driver Services (DF A) compile electronic information that is part of a driver's license abstract. You note that this office has opined that A.C.A. § 27-50-906 exempts drivers' license abstracts from disclosure under the FOIA. With this factual background in mind, you have asked the following question, which I have paraphrased: If DF A receives a FOIA request pursuant to A.C.A. § 25-19-109 (Repl. 2002)[1] that seeks information that must be culled from drivers' license abstracts, may DF A refuse to disclose the information?
RESPONSE
In my opinion, not only may DF A refuse to disclose the requested information, it must do so because the information is exempted from disclosure. Section 25-19-109, in my opinion, does not authorize or require disclosure of otherwise exempt records. *Page 2 
The FOIA requires that all non-exempt public records be open to inspect upon a proper request for disclosure. See, e.g., Op. Att'y Gen. 2009-115. The FOIA contains several exemptions from its disclosure requirements, one of which is an exemption for any records that are exempted by some other state or federal statute. This office has repeatedly opined that A.C.A. § 27-50-906 (Supp. 2009) is specific enough to amount to an exemption under the FOIA. Op. Att'y Gen. Nos. 2008-138, 97-278, 91-111. Because section 27-50-906 protects drivers' license abstracts, and that protection is sufficiently specific to constitute a FOIA exemption, the FOIA cannot be used to obtain drivers' license abstracts. That much was made clear in several of the above-cited opinions from this office.
Your question raises a slightly different issue. You indicate that the information that, collectively, forms a driver's license abstract is stored electronically. The factual background to your question seems to indicate that the FOIA request at issue seeks certain discreet pieces of information, which pieces of information are normally included as part of a drivers' license abstract. The request apparently is made pursuant to A.C.A. § 25-19-109, which as noted above, encourages custodians to customize electronic data in certain circumstances. This raises the question whether the protection section 27-50-906 affords to drivers' license abstracts, as a whole, also extends to the discreet parts of the drivers' license abstracts such that the custodian must refuse to comply with a special request for such data.
In my opinion, the exemption in section 27-50-906 extends to each sub-part of a driver's license abstract such that each discrete part of the abstract, when considered by itself, is exempt from disclosure under the FOIA. If the result were otherwise, then a requester could use several FOIA requests to obtain various sub-parts of a drivers' license abstract, and then combine each individual sub-part to recreate the drivers' license abstract itself. This is plainly contrary to the legislative intent expressed under section 27-50-906 that drivers' license abstracts be protected from disclosure. Cf. Op. Att'y Gen. 2004-023 (observing that by granting the custodian discretion under A.C.A. § 25-19-109, "[t]he legislature clearly did not intend . . . to authorize the release of `data' that would not otherwise be available to a citizen making a non-'special request.'").
In conclusion, in my opinion, DF A must refuse to disclose the sub-parts of the drivers' license abstracts pursuant to section 27-50-906. *Page 3 
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] Section 25-19-109 governs so-called "special requests" for electronic information. Op. Att'y Gen. 2006-093. It encourages, but does not require, custodians "to summarize, compile, or tailor electronic data" if the "cost and time involved in complying with the requests are relatively minimal. . . ."